JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Yakitori Boy, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James L. Pearl
Law Office of James L. Pearl
1500 John F. Kennedy Boulevard, Suite 900, Philadelphia, PA 19103

## DEFENDANTS

Starr Indemnity & Liability Co., Samuel Sierra

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
William P Shelley & Alexander Brown (attorneys for Starr Indemnity)
Gordon & Rees LLC
Three Logan Square, Suite 610, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a) & 28 U.S.C. § 1441

Brief description of cause:
Insurance contract dispute regarding the applicable limits of coverage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   9/24/18

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Yakitori Boy - 211 N. 11th Street, Philadelphia, PA 19107 _____

Address of Defendant: _____ Starr - 399 Park Ave, 8th Fl., New York, NY 1022; Samuel Sierra - 2137 N. Front St., Philadelphia, PA 19122 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 9/24/18 _____   _____ (signature) _____   _____ 316599 _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Alexander S. Brown _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _____ 9/24/18 _____   _____ (signature) _____   _____ 316599 _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Yakitori Boy - 211 N. 11th Street, Philadelphia, PA 19107 _____

Address of Defendant: _Starr - 399 Park Ave, 8th Fl., New York, NY 1022; Samuel Sierra - 2137 N. Front St., Philadelphia, PA 19122_

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/24/18_   _[signature]_   _316599_
                        *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Alexander S. Brown _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☒ Relief other than monetary damages is sought.

DATE: _9/24/18_   _[signature]_   _316599_
                        *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Yakitori Boy, Inc.                              :          CIVIL ACTION

       v.                                    :

Starr Indemnity Liability Co., and :          NO.

Samuel Sierra

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

9/24/18         Alexander S. Brown      Starr Indemnity & Liability, Co.
**Date**           **Attorney-at-law**        **Attorney for**

267-602-2043     215-693-6650     abrown@grsm.co
**Telephone**       **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAKITORI BOY, INC.          :
211 N. 11th Street          :
Philadelphia, Pennsylvania 19107   :
                            :
                Plaintiff,  :     CIVIL ACTION NO._____
        v.                  :
                            :
STARR INDEMNITY & LIABILITY, CO.   :
399 Park Avenue, 8th Floor  :
New York, New York 10022    :
                            :
        and                 :
                            :
SAMUEL SIERRA               :
2137 N. Front Street        :
Philadelphia, Pennsylvania 19122   :
                            :
                Defendants. :

## NOTICE OF REMOVAL

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
       EASTERN DISTRICT OF PENNSYLVANIA**

> United States District Court
> 2609 U. S. Courthouse
> 601 Market Street
> Philadelphia, PA 19106

Defendant, Starr Indemnity & Liability Company ("Starr"), by and through undersigned

counsel, Gordon & Rees LLP, files this Notice of Removal of the above-captioned action from

the Court of Common Pleas of Philadelphia County, Pennsylvania, in the September Term, 2018,

Number 001289, in which this action was filed, to the United States District Court for the

Eastern District of Pennsylvania, and in support thereof, avers as follows:

     1.     This action arises from an insurance coverage dispute between Starr and its

insured, Yakitori Boy, Inc. ("Yakitori") related to Starr's duty to defend and indemnify Yakitori in an underlying personal injury action pending in the Philadelphia Court of Common Pleas (the "Sierra Action").

2.      Neither party disputes that Starr has a duty to defend and (potentially) indemnify Yakitori in the Sierra Action pursuant to a policy of insurance Starr issued to Yakitori for the 2013-2014 term (the "Policy"). In fact, Starr is currently defending Yakitori in the Sierra Action. Rather, Yakitori and Starr disagree over the applicable limits of insurance.

3.      Yakitori has recently expressed the position that the Policy provides coverage limits of $1,000,000. Starr submits that Yakitori is only entitled to the Assault and Battery sublimit of $100,000.

4.      Yakitori filed a declaratory judgment action in the Philadelphia Court of Common Pleas on September 12, 2018 (the "Coverage Action") seeking a declaration that it is entitled to coverage limits of $1,000,000. *See* Coverage Action Complaint at ¶ 21, attached as Exhibit 1.

5.      The Complaint names Starr as a defendant. Ex. 1. Starr is a corporation existing under the laws of the State of Texas and has a principal place of business in the State of New York. Ex. 1 at ¶ 2.

6.      Starr has not been formally served with the Complaint. Counsel for Yakitori, however, forwarded a copy of the Complaint to Starr's Counsel on September 12, 2018. *See* September 12, 2018 e-mail from James Pearl to William Shelley, attached as Exhibit 2.

7.      The Complaint also names Samuel Sierra, the plaintiff in the underlying Sierra Action, as a nominal defendant pursuant to 42 Pa.C.S.A. § 7540. Sierra is a resident of the Commonwealth of Pennsylvania. Exhibit 1 at ¶ 3.

8.      42 Pa.C.S.A. § 7540 provides that: "When declaratory relief is sought, all persons

shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

9.      Sierra's interest in the Coverage Action derives from his status as a potential recipient of the insurance proceeds.  To the extent that Sierra obtains a judgment against Yakitori or settles the Sierra Action with Yakitori, such settlement or judgment may be paid for, at least in part, by the proceeds from the Starr Policy.  Sierra is therefore interested in obtaining a declaration that the policy limits are $1,000,000 as opposed to $100,000.

10.      Although Sierra is listed as a nominal defendant in the Coverage Action, his interests are aligned with Yakitori's for purposes of this litigation.

11.      A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being served upon plaintiffs and all parties of record pursuant to 28 U.S.C. 1446(d).

12.      The Eastern District of Pennsylvania is the proper district for removal pursuant to 28 U.S.C. §§ 118(a) and 1441(a) in that the Eastern District of Pennsylvania encompasses the County of Philadelphia, and "is the district and division embracing the place where such action is pending."

## SUBJECT MATTER JURISDICTION

13.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) in that this is an action between citizens of different States.

14.      The Plaintiff, Yakitori, is an individual and citizen of the Commonwealth of Pennsylvania.  Exhibit 1 at ¶ 1.

15.      Defendant Starr is a citizen of both Texas and New York, and nominal Defendant Sierra is a citizen of Pennsylvania.

16.     Although Yakitori and Sierra are citizens of the same state, Sierra's citizenship does not destroy diversity because this Court must look beyond the party designations pled by Yakitori and align the parties based upon their genuine interests in the lawsuit. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) ("It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute.") (internal citations omitted).   "Where party designations have jurisdictional consequences," a court must "align the parties before determining jurisdiction." *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 160 (3d Cir. 1995).

17.     In determining whether realignment of parties is appropriate, the Third Circuit employs the "primary purpose" or "primary issue" test. *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862, 864 (3d Cir. 1991).   Under this test, the Court looks to the "primary and controlling matter in dispute" and "plaintiff's principal purpose for filing its suit." *Id.*

18.     After identifying the primary issue in controversy in the action, the court must then evaluate whether there is a genuine conflict between the parties regarding that issue. *Kelly v. Maxum Specialty Ins. Grp.*, No. 14-7149, 2018 U.S. Dist. LEXIS 3526, at *11 (E.D. Pa. Jan. 9, 2018).

19.     In this coverage action, the primary issue (really the only issue) concerns the coverage limits available under the Policy.

20.     As the plaintiff in the underlying case, Sierra's only interest is in collecting a potential judgment against Yakitori.   The greater the Policy's limits of insurance, the more money Sierra may be able to recover.

21.     Sierra's interests are therefore directly aligned with Yakitori's position that the Policy provides $1,000,000 in limits, and adverse to Starr's position that the Policy is limited to

the $100,000 sublimit. *See Kelley*, 2018 U.S. Dist. LEXIS 3526, at *17 (holding that realignment was proper because the underlying plaintiff's interests were properly aligned with the insured seeking coverage, and adverse to the insurer who declined to provide a defense in the underlying lawsuit).

22.     This Court, therefore, should realign the parties so that both Yakitori and Sierra are named plaintiffs. *Id.*

23.     When properly aligned, removal is proper because there is complete diversity between Defendant Starr, a citizen of Texas and New York, and Plaintiffs Sierra, and Yakitori, who are citizens of Pennsylvania.

24.     The subject matter jurisdictional amount is satisfied here because Yakitori is seeking a determination that the Policy provides $1,000,000 in coverage, which exceeds $75,000, exclusive of interest and costs.

25.     Accordingly, this Court has subject matter jurisdiction, founded on diversity of citizenship under 28 U.S.C. § 1332(a).

## **REMOVAL JURISDICTION**

26.     Insofar as subject matter jurisdiction is being invoked pursuant to 28 U.S.C. §1332(a), 28 U.S.C. § 1441(b) does not apply or operate to prevent removal, because, when properly aligned, there is no defendant that is a citizen of the forum.

27.     Removal jurisdiction exists, and it is therefore proper for this matter to be removed to the United States District Court for the Eastern District of Pennsylvania.

WHEREFORE, notice is given that the state court action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,


 /s/ Alexander S. Brown
William P. Shelley
Alexander S. Brown
Gordon & Rees, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4001
wshelley@gordonrees.com
*Attorneys for Defendant*
*Starr Indemnity &* Liability Company



Dated:  September 24, 2018

# Exhibit 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**SEPTEMBER 2018**

**001289**

E-Filing Number: 1809020439

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| YAKITORI BOY, INC. | STARR INDEMNITY & LIABILITY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 211 N. 11TH STREET<br>PHILADELPHIA PA 19107 | 399 PARK AVENUE, 8TH FLOOR<br>NEW YORK NY 10022 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SAMUEL SIERRA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2137 N. FRONT STREET<br>PHILADELPHIA PA 19122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

1D – INSURANCE, DECLARATORY JUDGMNT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>SEP 12 2018<br><br>**A. SILIGRINI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES   NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>YAKITORI BOY, INC.</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES L. PEARL | 1500 JOHN F. KENNEDY BOULEVARD<br>SUITE 900<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 586-4422 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82374 | james@jamespearl.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES PEARL | Wednesday, September 12, 2018, 10:41 am |

FINAL COPY (Approved by the Prothonotary Clerk)

# Exhibit 1

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

____ 1.   Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

____ 2.   Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

    ____ a.   Uniform Commercial Code transactions;

    ____ b.   Purchases or sales of business or the assets of businesses;

    ____ c.   Sales of goods or services by or to business enterprises;

    ____ d.   Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

    ____ e.   Surety bonds;

    ____ f.   Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

    ____ g.   Franchisor/franchisee relationships.

____ 3.   Actions relating to trade secret or non-compete agreements;

____ 4.   "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

____ 5.   Actions relating to intellectual property disputes;

____ 6.   Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

____ 7.   Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

____ 8.   Actions relating to corporate trust affairs;

**X** 9.   Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

____ 10.   Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

James L. Pearl, Esquire
Attorney I.D. No. 82374
1500 John F. Kennedy Boulevard, Suite 900
Philadelphia, Pennsylvania 19102
(215) 586-4422
Attorney for Plaintiff Yakitori Boy, Inc.

*Filed and Attested by the
Office of Judicial Records
12 SEP 2018 10:41 am
A. SILIGRINI*

| | |
|---|---|
| YAKITORI BOY, INC.<br>211 N. 11th Street<br>Philadelphia, Pennsylvania 19107<br><br>                                   Plaintiff<br>   v.<br><br>STARR INDEMNITY & LIABILITY COMPANY<br>399 Park Avenue, 8th Floor<br>New York, New York 10022<br>        and<br>SAMUEL SIERRA<br>2137 N. Front Street<br>Philadelphia, Pennsylvania 19122<br><br>                                   Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>SEPTEMBER TERM, 2018<br><br>No. _____ |

| NOTICE TO PLEAD | |
|---|---|
| **NOTICE** | **ADVISO** |
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action with twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.<br>You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.<br><br>Philadelphia County Bar Association<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Le han demandada a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entegra a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades uotros derechos importantes para used.<br>Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.<br>Asociacion de Licenciados de Filadelfia<br>Servicio de Referencia e Informacion Legal<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>(215) 451-6197 |

1

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Yakitori Boy, Inc. (hereinafter "Yakitori Boy"), by and through its undersigned attorney, James L. Pearl, Esquire, for its Complaint for Declaratory Judgment against Defendants Starr Indemnity & Liability Company (hereinafter "Starr") and Samuel Sierra (hereinafter "Sierra") alleges as follows:

## THE PARTIES

1.     Yakitori Boy is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania with an address at 211 N. 11th Street, Philadelphia, Pennsylvania 19107.

2.     Starr is a corporation duly incorporated and validly existing under the laws of the State of Texas with an address at 399 Park Avenue, 8th Floor, New York, New York 10022.

3.     Sierra is an individual resident of the Commonwealth of Pennsylvania with, upon information and belief, an address at 2137 N. Front Street, Philadelphia, Pennsylvania 19122.

## GROUNDS FOR DECLARATORY JUDGMENT

4.     Starr issued policy No. SISAM 03391-14 (hereinafter the "Policy") to Yakitori Boy for the period from March 14, 2014 through March 14, 2015.  A copy of the Policy is attached hereto as Exhibit A.

5.     Yakitori Boy seeks a declaration pursuant to the Declaratory Judgments Act (42 Pa.C.S.A. §7531 et seq.) (hereinafter the "Act") that Starr is required to defend and indemnify Yakitori Boy in connection with the action filed in this Honorable Court by Sierra against Aaron Gordon (hereinafter "Gordon"), Chris Schmid (hereinafter "Schmid") and Yakitori Boy captioned as *Sierra v. Gordon et. al.*, *December 2016 Term; No. 02900* (hereinafter the "Sierra Action") in an

2

amount up to the limits of liability under the Liquor Liability insurance coverage provided by Starr to Yakitori Boy under the Policy.

6.      Sierra is made a party to this action pursuant to 42 Pa.C.S.A. §7540 as he may have or he may claim an interest which may be affected by the declaration entered by this Honorable Court in this action and so that any declaration may also binding upon him.

7.      A controversary exists between Starr, Yakitori Boy and Sierra, and by the terms and provisions of the Act, this Honorable Court is invested with the power to declare the rights and liabilities of Yakitori Boy, Starr and Sierra and to order such other relief as this Honorable Court deems appropriate under the facts and circumstances.

## THE SIERRA ACTION

8.      On March 14, 2017, Sierra filed his Second Amended Complaint, a copy of which is attached hereto as Exhibit B, alleging in relevant part as follows:

a.      On December 24, 2014, at approximately 1:00 A.M., Sierra was walking with a group of individuals at or near 200 S. 12th Street in Philadelphia. See Exhibit B, ¶6.

b.      Plaintiff was then approached by a group of individuals including Gordon and Schmid.  See Exhibit B, ¶7.

c.      Suddenly and without warning, Gordon and Schmid struck Plaintiff about his face and head with a closed fist.  See Exhibit B, ¶9.

d.      Plaintiff then attempted to stand up after being assaulted and Gordon and/or Schmid then again punched and/or kicked Sierra about his face and head with a closed fist causing Sierra to lose consciousness.  See Exhibit B, ¶10.

e.      Gordon and/or Schmid's conduct was the result of intoxication.  See Exhibit B, ¶15.

3

f.      As a result of Gordon and/or Schmid's conduct, Sierra suffered severe personal injuries, including, but not limited to, brain bleed, traumatic brain injury, post-concussive syndrome, memory loss, confusion and seizure disorder.  See Exhibit B, ¶16.

g.      Upon information and belief, Gordon and Schmid spent significant time at Yakitori Boy and were served multiple alcoholic beverages despite both exhibiting clear signs of visible intoxication, including, but not limited to, slurred speech, bloodshot eyes, stuporous behavior, staggering while walking, difficulty sitting and standing and loud and boisterous conduct while at Yakitori Boy before leaving around closing time.  See Exhibit B, ¶32.

h.      Yakitori Boy, through their agents, servants and/or employees supplied, furnished, served and/or sold liquor and alcoholic beverages to Gordon and Schmid notwithstanding the fact that Gordon and Schmid were visibly intoxicated.  See Exhibit B, ¶30.[1]

i.      As a further proximate and foreseeable result of Yakitori Boy's act of supplying, furnishing, serving and/or selling alcoholic beverages to visibly intoxicated patrons, Yakitori Boy knew or should have known that such acts could have caused aggressive behavior resulting in Sierra' injuries.  See Exhibit B, ¶32.

j.      Yakitori Boy's carelessness and negligence consisted of the following: continuously and repeatedly serving alcoholic beverages to its patrons, including Gordon and Schmid, despite the knowledge that Gordon and Schmid were visibly intoxicated; negligence per se as being in violation of 47 Pa.C.S.A. 4-493(1) unlawful acts relative to liquor, malt and beverages and licenses; failing to have responsible management alcohol program "RAMP" to prevent the service of alcohol to visibly intoxicated persons in violation of 47 Pa.C.S.A. 4-493; and failing to hire proper and qualified bartenders, as well as, have proper and/or other sufficient bartender

---

[1] The paragraphs of Count III of Plaintiff's Second Amended Complaint are numbered as follows: 31, 32, 30, 31, 32, 33, 34 and 35.

4

Case ID: 180901289

training to prevent the service of alcohol to visibly intoxicated patrons in violation of 47 Pa.C.S.A. 4-493. See Exhibit B, ¶33.

      k.    Yakitori Boy's carelessness and negligent acts and omissions combined with the actions of Gordon and Schmid caused Sierra to suffer serious personal injuries. See Exhibit B, ¶34.

## THE POLICY

9.    The Policy provides, *inter alia*, Commercial General Liability, Liquor Liability and Assault and Battery insurance coverages to Yakitori Boy.

10.    The Commercial General Liability insurance coverage under the Policy is subject to $1 million for each occurrence and $2 million general aggregate limits of liability which Yakitori Boy "becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" caused by an "occurrence."

11.    The Liquor Liability insurance coverage under the Policy is subject to $1 million for each common cause and $1 million in the aggregate limits of liability and provides that Starr "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage."

12.    The Policy also includes an endorsement for Assault and Battery (hereinafter the "Endorsement") subject to $100,000 for each occurrence and $100,000 in the aggregate limits of liability for "those sums that the insured becomes legally obligated to pay as damages for 'bodily injury', 'property damage', or 'personal and advertising injury' arising from 'Assault and/or Battery'."

13.    The Endorsement modifies the insurance coverages under the Commercial General Liability and Liquor Liability policies and defines Assault and/or Battery as follows:

Case ID: 180901289

'Assault and/or Battery' means:

a.    actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his 'employees', patrons or any other persons; or

b.    the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault; or

c.    battery; or

d.    sexual assault and battery;

e.    the negligent:

    (1)    employment;

    (2)    investigation;

    (3)    supervision;

    (4)    training;

    (5)    retention

of a person for whom any insured is or ever was legally responsible and whose conduct is described in a., b., c. and d. above.

14.    The claims alleged by Sierra in the Sierra Action meet the definition of "Injury" and/or "Bodily Injury" as defined in the Policy.

## STARR'S DEFENSE OF YAKITORI BOY

15.    Starr has been defending Yakitori Boy in the Sierra Action since the commencement of the Sierra Action.

16.    By letter, dated August 14, 2018, Specialty Insurance Agency, as the managing general agency for Starr, advised Yakitori Boy that, in defense of the Sierra Action, Starr would not be providing coverage to Yakitori Boy under the coverage limits of liability under the Liquor

6

Liability insurance in the amount of $1 million for each common cause and $1 million in the aggregate, but, rather, Starr would only be providing coverage to Yakitori Boy under the coverage limits of liability under the Endorsement in the amount of $100,000 for each occurrence and $100,000 in the aggregate.  A copy of the letter from Specialty Insurance Agency to Yakitori Boy, dated August 14, 2018, is attached hereto as Exhibit C.

### COUNT I – DECLARATORY JUDGMENT

**COVERAGE UNDER THE LIQUOR LIABILITY INSURANCE PROVIDED
BY STARR TO YAKITORI BOY APPLIES TO ALL CLAIMS AGAINST
YAKITORI BOY AS ALLEGED IN THE SIERRA ACTION**

17.     Yakitori Boy repeats and realleges each and every allegation set forth in Paragraphs 1 through 16 above as though fully set forth herein.

18.     Starr issued the Policy to Yakitori Boy for the period from March 14, 2014 through March 14, 2015.

19.     The Liquor Liability insurance coverage under the Policy provides that Starr "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage."

20.     The Liquor Liability insurance coverage under the Policy is also subject to $1 million for each common cause and $1 million in the aggregate limits of liability.

21.     The Liquor Liability insurance coverage under the Policy applies to all claims against Yakitori Boy as alleged in the Sierra Action.

WHEREFORE, Yakitori Boy respectfully requests that this Honorable Court enter judgment as follows:

a.     Declaring that Starr has a duty to defend Yakitori Boy and that the Liquor

Liability insurance coverage under the Policy applies to all claims against Yakitori Boy as alleged in the Sierra Action.

b.      Declaring that Starr's obligation to defend and indemnify Yakitori Boy in connection with the Sierra Action shall be subject to limits of liability in the amount of $1 million for each common cause and $1 million in the aggregate;

c.      Declaring that Starr has a duty to reimburse Yakitori Boy for all costs and fees, including attorneys' fees, incurred by Yakitori Boy in pursuing this declaratory judgment action; and

d.      Granting such further relief as the Court may deem appropriate.

Dated: September 12, 2018           /s/ James L. Pearl
                                    James L. Pearl, Esquire
                                    Attorney I.D. No. 82374
                                    1500 John F. Kennedy Boulevard, Suite 900
                                    Philadelphia, Pennsylvania 19102
                                    (215) 586-4422
                                    Attorney for Plaintiff Yakitori Boy, Inc.

8

## VERIFICATION

I, Jin Shen, on behalf of Yakitori Boy, Inc., state that the allegations contained in the foregoing Complaint for Declaratory Judgment are true and correct to the best of my knowledge, information and belief and I understand that this Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
Jin Shen

## CERTIFICATE OF COMPLIANCE

I, James L. Pearl, Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/ James L. Pearl
James L. Pearl, Esquire
Attorney I.D. No. 82374
1500 John F. Kennedy Boulevard, Suite 900
Philadelphia, Pennsylvania 19102
(215) 586-4422
Attorney for Plaintiff Yakitori Boy, Inc.

# Exhibit 2

**Amanda Whyte**

| | |
|---|---|
| **From:** | James Pearl <james@jamespearl.com> |
| **Sent:** | Wednesday, September 12, 2018 11:25 AM |
| **To:** | sledva@defensecounsel.com; William Shelley; adenenberg@adlawfirm.com |
| **Subject:** | Yakitori Boy, Inc. v. Starr Indemnity & Liability Company et al. |
| **Attachments:** | Exhibits B and C.pdf; Complaint.pdf; Exhibit A - Part 1.pdf; Exhibit A - Part 2.pdf; Exhibit A - Part 3.pdf |

Gentlemen,

Kindly be advised that I represent Yakitori Boy, Inc. in connection with the above-captioned matter. I am now attaching a copy of the Complaint with the attached exhibits which was filed in the Court of Common Pleas this morning.

In light of the filing of this matter, I would suggest that the matter filed by Mr. Denenberg against Yakitori Boy, Inc. be stayed pending the Court's decision in this matter.

Mr. Denenberg, would kindly advise me as to whether you will accept service of the Complaint on behalf of Mr. Sierra.

Mr. Ledva and/or Mr. Shelley, would also kindly advise me as to whether you will accept service of the Complaint on behalf Starr Indemnity & Liability Company.

**James L. Pearl, Esquire**
1500 John F. Kennedy Boulevard, Suite 900
Philadelphia, Pennsylvania 19102
Telephone: 215-586-4422
Facsimile: 215-309-6449
E-Mail: james@jamespearl.com
www.jamespearl.com

this electronic mail transmission and the documents accompanying it contain information from james l. pearl, esquire, which is confidential and/or legally privileged. the information is intended only for the use of the individual or entity named in this transmission. if you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

irs circular 230 disclosure: u.s. federal tax advice in the foregoing message from james l. pearl, esquire is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. if any u.s. federal tax advice contained in this message is used or referred to in promoting, marketing or recommending of the transactions or matters addressed (which any person who is not our client with respect to the transactions or matters addressed should assume to be the case), then (i) such tax advice should be construed as written in connection with the promotion or marketing (within the meaning of irs circular 230) of the transactions or matters addressed and (ii) such person should seek advice based on their particular circumstances from an independent tax advisor.