# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAKITORI BOY, INC.<br><br>v.<br><br>STARR INDEMNITY & LIABILITY, CO., et al. | CIVIL ACTION<br><br>NO. 18-4094 |

## MEMORANDUM RE: MOTION TO REMAND

**Baylson, J.**  **January 14, 2019**

## I. Introduction

In this declaratory judgment action, Plaintiff Yakitori Boy, Inc. seeks a declaration regarding the limits of coverage required by an insurance policy it has with Defendant Starr Indemnity & Liability Co. This matter is related to an ongoing personal injury action in Pennsylvania state court, where Yakitori Boy is named as a defendant and Starr is tasked with defending Yakitori Boy under the insurance policy at issue here. Yakitori Boy originally filed this declaratory judgment action in state court pursuant to Pennsylvania law. Starr removed it to this Court, where it is now subject to a Motion to Remand filed by Defendant Samuel Sierra.

For the reasons that follow, Sierra's Motion to Remand is DENIED.

## II. Relevant Factual and Procedural History

### A. The State Court Personal Injury Action

Sierra brought a civil action in the Philadelphia Court of Common Pleas against Aaron Gordon, Chris Schmid, and Yakitori Boy arising out of personal injuries Sierra sustained from a late-night assault by Gordon and Schmid on a Philadelphia sidewalk. See ECF 8, "Mot. to Remand," Ex. B ¶¶ 6–10. Sierra alleged that, prior to the assault, Gordon and Schmid spent the

1

evening at Yakitori Boy, a bar in Philadelphia, where they were overserved alcohol. Id. ¶ 32. Sierra thus claimed that Yakitori Boy is also liable for his injuries. Id. ¶¶ 34–35.

Yakitori Boy is insured by Starr. See ECF 1, "Notice of Removal," ¶ 1. Starr has agreed to defend Yakitori Boy in the personal injury action but maintains that Yakitori Boy is only entitled to $100,000 in coverage under the insurance policy's Assault and Battery sublimit. Id. ¶¶ 2–3. By contrast, Yakitori Boy believes it is entitled to $1 million in coverage limits. Id.

### B. The Declaratory Judgment Action That Is Now Before This Court

On September 12, 2018, Yakitori Boy filed a complaint for declaratory judgment against Starr and Sierra in the Court of Common Pleas seeking a declaration that Starr is required to indemnify and defend Yakitori Boy up to the higher limits of liability provided for in its insurance coverage policy—$1 million. Id. ¶ 4. Starr removed the declaratory judgment action to this Court on September 24, 2018. See ECF 1, "Notice of Removal."

On October 24, 2018, Sierra filed a Motion to Remand or, in the Alternative, to Dismiss this litigation for failure to join Gordon and Schmid. See ECF 8, "Mot. to Remand." Starr responded in opposition to Sierra's Motion to Remand on October 29, 2018. See ECF 10, "Opp'n to Remand."

### C. Starr's Notice of Removal

Starr removed Yakitori Boy's state court declaratory judgment action on the basis of diversity jurisdiction. Notice of Removal ¶ 13. However, on the face of the complaint, there is not complete diversity because Plaintiff Yakitori Boy is a citizen of Pennsylvania, Defendant Starr is a citizen of New York and Texas, and Defendant Sierra is a citizen of Pennsylvania. Id. ¶¶ 13–15.

Despite the lack of complete diversity, Starr contends in the Notice of Removal that removal is proper for two reasons. First, Starr argues that Yakitori Boy named Sierra as a *nominal* defendant pursuant to 42 Pa. C.S. § 7540, and a nominal defendant's citizenship should not affect the Court's exercise of jurisdiction. Id. ¶¶ 7–8. Second, Starr contends that Sierra's interest in the declaratory judgment action is more appropriately aligned with Yakitori Boy's interest. Id. ¶¶ 9–10, 16. When the parties are realigned, removal is proper because there is complete diversity between Starr (a citizen of Texas and New York) and Sierra and Yakitori Boy (both citizens of Pennsylvania). Id. ¶ 23. Thus, Starr's Notice of Removal states that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a), and that 28 U.S.C. § 1441(b)[1] does not prevent removal because, when properly aligned, there is no defendant that is a citizen of the forum. Id. ¶ 26.

**D.      Sierra's Motion to Remand**

Sierra moved to remand because there is not complete diversity among the parties to the declaratory judgment action. Mot. to Remand ¶ 16. Specifically, Sierra explains that both he (a defendant) and Yakitori Boy (the plaintiff) are citizens of Pennsylvania, while Starr (another defendant) is a citizen of Texas and New York. Id. ¶¶ 13–15.

Sierra argues that he is not a nominal party, but rather that he has a "real interest in the litigation" such that his citizenship must be considered. Mot to Remand Br. at III.1. Sierra also cites state court cases for the proposition that he is an indispensable party to the declaratory judgment action. Id. (quoting Vale Chemical Co. v. Hartford Accid. & Indem. Co., 512 Pa. 290, 293–94 (1986); Mechanicsburg Area Sch. Dist. V. Kline, 494 Pa. 476, 481 (1981)). Sierra then

---

[1]      28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

3

argues that his interest in the outcome of the declaratory judgment action is independent of either Yakitori Boy's or Starr's interests, meaning that there is not the required "collision of interests" necessary to allow realignment of Sierra's position from defendant to plaintiff.  Id. (quoting Employees Ins. Of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864 (3d Cir. 1990)).

Sierra also moved to remand on the basis of 28 U.S.C. § 1441(b)(2).  Because Sierra is a properly joined and served defendant who is a citizen of Pennsylvania, he argues that removal was procedurally improper.  Mot. to Remand ¶¶ 18–20.

Sierra then argues that if the Court decides not to remand the declaratory judgment action, the Court should alternatively dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) for failure to join Gordon and Schmid as required parties.  Id. ¶ 21.  Both Gordon and Schmid asserted crossclaims against Yakitori Boy in the personal injury action, and both therefore have a claim or interest that could be affected by the outcome of the declaratory judgment action.  Id. ¶¶ 22–25.  However, because Gordon is a citizen of Pennsylvania and Schmid is a citizen of Washington, D.C., they cannot be joined without further defeating complete diversity between the parties.  Mot. to Remand Br. at III.3.

In opposition, Starr argues that complete diversity exists so long as the Court properly realigns the parties.  Opp'n to Remand at 4.  Although Sierra was named a defendant to the declaratory judgment action, Starr explains that Sierra is more properly aligned with Yakitori Boy—the plaintiff.  Id. at 5.  Sierra's only interest in the matter is to collect a potential judgment against Yakitori Boy, and the outcome of the declaratory judgment action will affect how much money Yakitori Boy can afford to pay.  Id.  According to Starr, "Sierra's interests are therefore directly aligned with Yakitori's position that the Policy provides $1,000,000 in limits, and adverse to Starr's position that the Policy is limited to $100,000."  Id.

4

Thus, Starr argues that, when properly aligned, there is complete diversity between Starr (a citizen of New York and Texas) and Yakitori Boy and Sierra (both citizens of Pennsylvania). Id. Under this alignment, removal should not be prevented by 28 U.S.C. § 1441(b) because no defendant is a citizen of Pennsylvania. Id.

Finally, Starr argues that Gordon and Schmid's financial interest in the outcome of the insurance dispute is insufficient to make them necessary parties under Rule 19. Id. at 7. In support of this proposition, Starr cites Hartford Cas. Ins. Co. v. Cardenas, 292, F.R.D. 235 (E.D. Pa. 2013), a previous decision of the undersigned, as well as Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 229 (3d Cir. 2005). Even if Gordon and Schmid were joined as necessary parties, Starr argues that they should be considered plaintiffs for the same reason it argues that realignment of Sierra's position from defendant to plaintiff is proper. Id. at 9.

## III. Legal Standard

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] citizens of different states." Id. § 1332(a)(1). The removal statute is strictly construed and all doubts are to be resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

Further, in considering a motion to dismiss under Rule 12(b)(7), a court must first determine whether a party is necessary under Rule 19(a) and, next, whether the party is indispensable under Rule 19(b). Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(b) governs situations when joinder is "not feasible" in that it would defeat diversity of citizenship. Id.

## IV. Discussion

Remand is unnecessary in this case because, when properly aligned, Sierra is considered a plaintiff and complete diversity is preserved. Even without realigning the parties, Sierra's citizenship should not destroy diversity-based jurisdiction because he is simply a nominal party. Finally, Gordon and Schmid are unnecessary to this declaratory judgment action, and Yakitori Boy's failure to join them does not require dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19(b).

### A. Realignment of parties is proper and preserves federal jurisdiction

Although Sierra was named a defendant in the declaratory judgment action originally filed in state court, he is more properly considered a plaintiff. The Supreme Court has held that "diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). It is therefore the "duty" of federal courts "to look beyond the pleadings and arrange the parties according to their sides in the dispute." Id. (internal citation omitted). The Third Circuit has further explained that "[w]here party designations have jurisdictional consequences," a court must "align the parties before determining jurisdiction." Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 160 (3d Cir. 1995) (internal citation omitted). To determine "[w]hether the necessary collision of interest . . . exists," the Court must consider the "principal purpose of the suit . . . and the primary and controlling matter in dispute." City of Indianapolis, 314 U.S. at 69 (internal citations omitted). In deciding whether parties must be realigned, the Third Circuit requires a district court to "first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over

that issue." Employers Ins. Of Wausau v. Crown Cork & Seal Co., Inc., 942 F.2d 862, 864 (3d Cir. 1991).[2]

Starr correctly argues that Sierra's interests here are more directly aligned with Yakitori Boy's interests. First, the primary issue in controversy is the coverage limits available under Yakitori Boy's insurance policy with Starr. To the extent Sierra has an interest in this declaratory judgment action, it is directly related to whether—and how much—he is able to recover in a judgment against Yakitori Boy. Second, there is no real dispute between Yakitori Boy (the plaintiff) and Sierra (named a defendant) in the declaratory judgment action. Rather, both parties are likely hoping for a judgment declaring that Starr must insure Yakitori Boy to the upper limits of the policy coverage. Other courts in this district facing similar factual situations have found realignment proper. See, e.g., Ramara, Inc. v. Westfield Ins. Co., No. 13-7086, 2014 WL 12607757 (E.D. Pa. Jan. 2, 2014) (Dalzell, J.) (denying motion to remand by realigning the underlying plaintiff with the insured who filed the declaratory judgment action); Chancellor Props., Inc. v. Houston Cas. Co., No. 9-4514, 2009 WL 3790309 (E.D. Pa. Nov. 12, 2009) (Bartle, J.) (denying motion to remand because realignment of the parties was proper and plaintiff in the underlying suit was "truly a plaintiff" in the insurance-coverage-related declaratory judgment action).

---

[2] Sierra incorrectly states that the Third Circuit "eschewed" the realignment inquiry in favor of a real-party-in-interest inquiry in Johnson v. SmithKline Beecham Corp., 724 F.3d 337 (3d Cir. 2013). The cited section of Johnson examined whether SmithKline Beecham, a predecessor in interest to GSK LLC, was a real or nominal party for purposes of establishing diversity jurisdiction. Id. at 358–59. The case did not address party alignment, and its holding is not inconsistent with the concept of realignment.

7

Realignment is thus proper and appropriate in this case, where Sierra's interest better aligns with Yakitori Boy's—the plaintiff—than Starr's—the defendant.[3]

B.   **Sierra is a nominal party and his citizenship should not matter**

Starr argues in a footnote that Sierra is a nominal party to the declaratory judgment action, such that his citizenship should not affect this Court's exercise of jurisdiction.[4] Although the decision to remand stands on the Court's decision to realign the parties, this "nominal party" argument is worth brief attention.

Despite dicta in Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986) that an injured party in an underlying action is "indispensable" to a declaratory judgment action determining the scope of insurance at play, id. at 354 n.5, several district courts have determined

---

[3]   Sierra also argues that removal was improper under 28 U.S.C. § 1441(b) because he is a citizen of the forum state and a named defendant. Because Sierra's interest in this action requires the Court to consider him a plaintiff, his citizenship in Pennsylvania will not prevent removal under Section 1441(b). See Martin v. Universal Underwriters Co., 676 F. Supp. 77, 78 (E.D. Pa. 1987) (Ditter, J.) (denying remand where named defendants were more properly aligned as plaintiffs, so as to overcome Plaintiff's challenge to removal on Section 1441(b)); Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.) ("Before determining removability under Section 1441(b) on the basis of diversity-of-citizenship jurisdiction, a district court will realign the parties according to their true interests in the outcome of the litigation, as it would were the case originally brought in the federal court.").

[4]   Starr does not argue, nor can it argue, that Sierra was fraudulently joined in the declaratory judgment action simply to avoid removal. The Pennsylvania Declaratory Judgment Act requires that when seeking declaratory relief, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." 42 Pa. C.S. § 7540(a). Thus, the Supreme Court of Pennsylvania has held that an injured plaintiff is a required party under the Pennsylvania Declaratory Judgment Act. See Vale Chem. Co. v. Hartford Accident & Indem. Co., 516 A.2d 684, 686–87 (Pa. 1986) (explaining that, under Pennsylvania law, a plaintiff in a tort case has "an interest in seeing that an insurance company pays the judgment against its insured").

Although Pennsylvania law required Yakitori Boy to include Sierra in its state court declaratory judgment action, that does not determine whether Sierra is a necessary or indispensable party in this federal forum. See Mallalieu-Golder Ins. Agency, 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003) (McClure, J.) ("After removal, whether a party is indispensable is a question of federal law." (citing Shetter v. Amerada Hess Corp., 14 F.3d 934, 938 (3d Cir. 1994))).

that such injured parties are properly considered nominal parties. See, e.g., Affinity Land Servs., LLC v. American Safety Indem. Co., No. 15-6560, 2016 WL 1221453, at *2 (E.D. Pa. Mar. 29, 2016) (Padova, J.) (collecting cases) ("[W]hen examining whether the plaintiff in the underlying case is a necessary party to the federal declaratory judgment action brought by the defendant in the underlying case against its insurance carrier, courts in this district have not found the underlying case plaintiff to be a necessary party to the federal declaratory judgment action."); Hippo Fleming & Pertile Law Offices v. Westport Ins. Corp., No. 3:15-322, 2016 WL 1715195, at *3 (W.D. Pa. Apr. 28, 2016) (Gibson, J.) (collecting cases) (noting that the plaintiffs in an underlying action had only "an indirect financial" interest in the declaratory judgment action involving insurance coverage and that the plaintiffs were therefore nominal parties to the federal action).

In a procedurally similar case, Judge McClure of the Middle District of Pennsylvania declined to remand a declaratory judgment action regarding insurance coverage because he found that the non-diverse defendant—who was also the plaintiff in the underlying state court action—was a nominal party. See Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc., 254 F. Supp. 2d 521, 524–25 (M.D. Pa. 2003) (McClure, J.). Judge McClure then decided it was unnecessary to realign the state-court plaintiff, and also found that a nominal party could not be considered a party in interest under 28 U.S.C. § 1441(b). Id. at 525–26. The nominal defendant's status as a Pennsylvania citizen therefore did not invalidate the removal of the declaratory judgment action to federal court. Id. at 526.

Sierra argues remand is necessary because, under Pennsylvania law, he was an indispensable party to the declaratory judgment action. But his citations to Pennsylvania case law discussing indispensable parties under Pennsylvania's Declaratory Judgment Act are misplaced.

9

"[A]fter removal, a party's indispensability is a question of federal law." Spring-Ford Area School Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 482 (E.D. Pa. 2001) (Yohn, J.) (denying a motion to remand a declaratory judgment action because the parties that defeated diversity were not indispensable parties, but rather were fraudulently joined). Although Sierra may be considered an indispensable party in Pennsylvania, federal law views him as nominal for the reasons discussed above.

Like in Mallalieu-Golder Ins. Agency, the declaratory judgment complaint here does not make any claims against Sierra, and Sierra's only interest is seeing that Starr pays any judgment against Yakitori Boy. It does not matter that Sierra was a required party under Pennsylvania law when Yakitori Boy filed its initial declaratory judgment action in state court. Under federal law, Sierra is a nominal party and his citizenship status should not affect this Court's exercise of diversity jurisdiction, nor should it affect removal under 28 U.S.C. § 1441(b).

**C. Yakitori Boy's failure to join Gordon/Schmid does not require dismissal**

The Court also need not dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join Gordon and Schmid. Based on this Court's decision in Hartford Casualty Ins. Co. v. Cardenas, 292 F.R.D. 235 (E.D. Pa. 2013) (Baylson, J.), Gordon and Schmid are not necessary parties within the meaning of Fed. R. Civ. P. 19(a). In Cardenas, an insurance company filed a declaratory judgment action in federal court seeking a declaration that it had been relieved of its obligation under an insurance policy issued to the defendant, Rodolfo Cardenas, to defend or indemnify him in a state-court personal injury action. Id. at 237. After the state court action commenced, Cardenas absconded to Mexico, and the insurance company argued the disappearance amounted to a breach of the insurance policy. Id. The plaintiffs in the personal injury action, as well as other defendants in that action (collectively, the "Movants"), then moved seeking

intervention or joinder in the declaratory judgment action pursuant to Federal Rules of Civil Procedure 24 and 19, respectively. Id.

The undersigned found that the Movants did not assert a sufficient enough interest in the declaratory judgment action to qualify them for intervention or joinder. Id. at 238. Due to the unsettled nature of Third Circuit jurisprudence on the issue, it was necessary to undertake an analysis of three relevant cases—Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005); Am. Auto. Ins. Co. v. Murray, 658 F.3d 311 (3d Cir. 2011); and Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986). Id. at 238–39. The Court then found that the Movants did not have sufficient claims to satisfy the requirement that, for permissive intervention, the potential intervenors must have a "claim or defense that shares with the main action a common question of law or fact." Id. at 240–41 (quoting Fed. R. Civ. P. 24(b)(1)(B)).

More relevant to this case, the Court also found that the Movants' asserted interest in Cardenas being represented in the personal injury action *and* the Movants' asserted financial interest in the declaratory judgment action were both insufficient to support Rule 19 joinder. Id. at 241. In deciding the case this way, the Court distinguished Murray and Rauscher—which involved standing considerations in declaratory judgment actions for injured parties *already joined as defendants to the actions*—from Treesdale—which involved Rule 19 interest considerations for injured parties *not already joined*. Id. at 246. The latter was most relevant to Cardenas, and is likewise most relevant here.

Based on the same reasoning relied on in Cardenas, neither Gordon nor Schmid is a necessary party to Yakitori Boy's declaratory judgment action. A declaratory judgment can be easily and justly entered in their absence, and the Court need not dismiss the case because they were not joined as parties.

## V. Conclusion

For the foregoing reasons, Defendant Samuel Sierra's Motion to Remand is DENIED. An appropriate Order follows.

O:\CIVIL 18\18-4094 Yakitori Boy v Starr Indemnity\18cv4094 Memo re Motion to Remand