# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAKITORI BOY, INC. <br><br> v. <br><br> STARR INDEMNITY & LIABILITY, CO., et al. | CIVIL ACTION <br><br> NO. 18-4094 |

## MEMORANDUM RE: MOTION FOR LEAVE TO AMEND

**Baylson, J.**                                                                                                                  **March 18, 2019**

### I. Introduction

In this declaratory judgment action, Plaintiff Yakitori Boy, Inc. seeks a declaration regarding the limits of coverage required by an insurance policy it has with Defendant Starr Indemnity & Liability Co. This matter is related to an ongoing personal injury action in Pennsylvania state court, where Yakitori Boy is named as a defendant and Starr is tasked with defending Yakitori Boy under the insurance policy at issue here. Yakitori Boy originally filed this declaratory judgment action in state court pursuant to Pennsylvania law. Starr removed it to this Court, where it is now subject to a Motion for Leave to Amend (ECF 11) filed by Plaintiff Yakitori Boy.

For the reasons that follow, Yakitori Boy's Motion for Leave to Amend is GRANTED.

### II. Relevant Factual and Procedural History

The facts of this case are set forth in the Court's previous opinion dated January 14, 2019, and are incorporated by reference. See Yakitori Boy, Inc. v. Starr Indem. & Liab., Co., Civ. Action No. 18-4094, 2019 WL 199904 (E.D. Pa. Jan. 14, 2019).

### A. Sierra's Motion to Remand

On January 14, 2019, this Court denied Defendant Samuel Sierra's Motion to Remand. Sierra argued that there was not complete diversity of citizenship for federal jurisdiction and that removal was improper under 28 U.S.C. § 1441(b)(2). Sierra also argued, in the alternative, that the Court should dismiss the declaratory judgment action pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) for failure to join Aaron Gordon and Chris Schmid—defendants in the underlying state court personal injury action—as required parties in this declaratory judgment action. Sierra contended that dismissal was proper because Gordon, a citizen of Pennsylvania, and Schmid, a citizen of Washington, D.C., could not be joined without further defeating complete diversity between the parties.

The undersigned upheld federal jurisdiction because Sierra is more properly aligned with Plaintiff in this declaratory judgment action and because Sierra is a nominal party. The Court further decided that Gordon and Schmid were not necessary parties within the meaning of Federal Rule of Civil Procedure 19(a).

### B. Yakitori Boy's Motion for Leave to Amend

After Sierra filed his Motion to Remand, but before this Court decided that matter, Yakitori Boy filed this Motion seeking leave to file an amended complaint for declaratory judgment, which would join Gordon and Schmid as defendants before this Court. (ECF 11, "Motion" or "Mot. to Amend," at 11). Yakitori Boy moves pursuant to 42 Pa. C.S. § 7540 and Federal Rule of Civil Procedure 19(a)(1)(B)(i)-(ii).

In support of the Motion, Yakitori Boy contends that there has been no undue delay on its part, and neither Starr nor Sierra will suffer undue prejudice by allowing Yakitori Boy to amend its complaint. Mot. to Amend at 12. This request came just forty-eight days after Yakitori Boy

first filed its complaint in the Court of Common Pleas, thirty-six days after Starr filed its notice of removal, and six days after Sierra filed the Motion to Remand, which asserted that Gordon and Schmid should be joined in this litigation. Id. at 13. Yakitori Boy argues that the Court has not held a Rule 16 conference yet, nor has it issued a scheduling order pursuant to Fed. R. Civ. P. 16(b),[1] no trial date has been set, and the parties have not commenced discovery. Id. Nor would granting the motion lead to increased discovery or unfair disadvantage to Starr or Sierra. Id.

Starr filed an opposition to the Motion on November 5, 2018, (ECF 15, "Opp'n"), where it argues that neither Gordon nor Schmid has a legal interest in the declaratory judgment action. Opp'n at 1. Still, Starr explained that it "does not oppose joining Gordon and Schmid on this basis as a practical matter, but does oppose the suggestion that adding them will destroy this Court's diversity jurisdiction." Id. at 1–2. Specifically, Starr takes issue with the proposed amendments to the extent that Yakitori boy:

1. Seeks to add Gordon and Schmid as defendants instead of nominal plaintiffs;
2. Argues that their inclusion is necessary based on state procedural law; and
3. Argues that they are necessary parties under Federal Rule of Civil Procedure 19.

Id. Thus, Starr argues that if the Court grants leave to amend, it should do so only if "Gordon and Schmid are named as plaintiffs based on their genuine interests in this action and/or recognized as nominal parties whose citizenship status is not considered when determining diversity jurisdiction under 28 U.S.C. § 1332." Id. Starr relies on the same arguments it made in opposition to the Motion to Remand, which are as follows:

---

[1] On November 8, 2018, after Yakitori Boy filed its Motion, the Court held a Rule 16 phone call, but postponed discussion of the case until after the Motion to Remand has been decided.

3

1. To the extent Gordon and Schmid have an interest in the declaratory judgment action, their interest is more properly aligned with Yakitori Boy's interest and they should thus be added as plaintiffs. Id. at 3.

2. Yakitori Boy's reliance on the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S. § 7540, is improper as that statute is irrelevant to a federal court's determination of jurisdiction. Id. at 3 (citing Liberty Mut. Ins. Co., 419 F.3d at 229; Hartford Cas. Ins. Co., 292 F.R.D. at 241).

3. Gordon and Schmid merely have a financial interest in the declaratory judgment action, making them nominal parties such that their citizenship should not affect this Court's jurisdictional analysis. Id. at 4.

Sierra did not respond to Yakitori Boy's Motion to Amend, and Yakitori Boy did not reply to Starr's Opposition. The Motion is thus ripe for review.

### III. Legal Standard

The Federal Rules of Civil Procedure and the Third Circuit have expressed that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Thus, "[l]eave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not withstand a renewed motion to dismiss." City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018) (internal citation and quotation marks omitted).

**IV.     Discussion**

In this case, granting leave to amend would likely not prejudice the parties or otherwise result in delay.  Granting leave to amend in the manner requested by Yakitori Boy, however, would be futile.  Yakitori Boy seeks to join Gordon and Schmid as defendants in this declaratory judgment action, but doing so would destroy complete diversity and, therefore, result in dismissal of the case.  Moreover, the undersigned previously determined that Gordon and Schmid are not necessary parties to this action.  Thus, the Court sees no reason to join them as defendants, and then engage in another realignment analysis to determine whether it may retain jurisdiction over the case.

Yakitori Boy contends that Gordon and Schmid should be made parties to this action under 42 Pa. C.S. § 7540 because they have asserted crossclaims against Yakitori Boy in the underlying state court action.  The Court disagrees, to the extent this argument contradicts the Court's ruling in its previous opinion.  The Court sees no harm, however, in granting leave to amend to join Gordon and Schmid as plaintiffs or nominal parties to this action.  Because the Court should "freely give[]" leave to amend under Federal Rule of Civil Procedure 15(a), the Court will permit amendment, but only to include Gordon and Schmid as plaintiffs or nominal parties.

**V.     Conclusion**

For the foregoing reasons, Plaintiff Yakitori Boy's Motion for Leave to Amend (ECF 11) is GRANTED.  An appropriate Order follows.

O:\CIVIL 18\18-4094 Yakitori Boy v Starr Indemnity\18cv4094 Memo re Mot to Amend